59 F.3d 174
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re EON ENTERPRISES CORPORATION, Debtor.
EON ENTERPRISES CORPORATION, Debtor-Appellee,
and
BRONSON, BRONSON & McKinnon, Appellee,
v.
Bruce L. Jorgensen, Real-party-in-interest-Appellant.
DEL PRIORE & GUMATAOTAO, P.C., Appellant,
v.
Drew KAYE, Creditor-Appellee.
Bruce L. JORGENSEN, Real party-in-interest-Appellant,
v.
David K. LINK, Appellee.
 Nos. 94-15481, 94-15483, 94-16522.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1995.
Decided June 28, 1995.
 
 Before: PREGERSON, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 1. The district court did not err in disqualifying Del Priore & Gumataotao and requiring the disgorgement of their fees. D&G represented both the debtor and a creditor who was an opposing party in the Guam Superior Court case. This actual conflict is grounds for disqualification from employment under 11 U.S.C. Secs. 327(a) & (c) and Fed. R. Bankr. P. 2014, and the failure to disclose the conflict is grounds for disgorgement of fees under 11 U.S.C. Sec. 329 and Fed. R. Bankr. P. 2016. See In re Occidental Finan. Group, Inc., 40 F.3d 1059 (9th Cir. 1994).
 
 
 3
 2. The court did not abuse its discretion in imposing sanctions. Jorgensen can point to no authority supporting his novel argument that the bankruptcy disclosure requirements apply to pre-petition representation of the debtor when such representation is not connected to the bankruptcy. Nor can Jorgensen provide any factual or legal support for his argument that the Bronson firm should be disqualified because of local counsel's conflict of interest, or that it should be required to disgorge its fees because it failed to disclose another law firm's conflict of interest. Given the clear frivolousness of the motion and the district court's finding that it was filed for an improper purpose, it was not an abuse of discretion to impose sanctions. See In re Marsch, 36 F.3d 825 (9th Cir. 1994).
 
 
 4
 3. Jorgensen was given ample opportunity to substantiate his position, as well as notice that the court might impose sanctions. He was not denied due process. See Toombs v. Leone, 777 F.2d 465, 472 (9th Cir. 1985).
 
 
 5
 4. The bankruptcy court did abuse its discretion, however, by essentially holding Jorgensen in contempt without first finding that he had violated a court order and by imposing the $100/day late-payment fine prospectively. See Shuffler v. Heritage Bank, 720 F.2d 1141, 1147 (9th Cir. 1983). Our reversal of the late-payment fee does not mean the district court cannot take appropriate steps to ensure that the judgment is satisfied.
 
 
 6
 AFFIRMED in part; REVERSED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3